**98-8706** CLOSED

U.S. District Court
Middle District of Florida (Tampa)

CIVIL DOCKET FOR CASE #: 98-CV-264

CIV - HURLEY

Hawkins v. Singletary, et al                                    Filed: 02/06/98
Assigned to: Judge Steven D. Merryday
          Referred to: Magistrate Judge Elizabeth A. Jenkins
Demand: $0,000                              Nature of Suit: 530
Lead Docket: None                           Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:2254 Petition for Writ of Habeas Corpus (State) **MAGISTRATE JUDGE SORRENTINO**

NORRIS BERNARD HAWKINS                  Norris Bernard Hawkins
       petitioner                       066995
                                        [NTC] [PRO SE]
                                        Dade Correctional Institution
                                        North Dade Annex
                                        P.O. Box 349350
                                        Florida City, FL 33034-0530

     v.

HARRY K. SINGLETARY, JR.
       respondent

ROBERT BUTTERWORTH, The
Attorney General of the State
of Florida
       respondent

MELYNDA MELEAL, Assistant
Attorney
       respondent

Docket as of September 30, 1998  7:51 am                    Page 1

```
Proceedings include all events.                              MAG
8:98cv264    Hawkins v. Singletary, et al                   CLOSED
```

| 2/6/98 | 1 | PETITION for writ of habeas corpus (lw) [Entry date 02/09/98] |
| 2/6/98 | -- | CASE REFERRED to Magistrate Judge Elizabeth A. Jenkins (lw) [Entry date 02/09/98] |
| 2/6/98 | 2 | APPLICATION and affidavit by Norris Bernard Hawkins to proceed without prepayment of fees referred to Magistrate Judge Elizabeth A. Jenkins; attachments. (lw) [Entry date 02/09/98] |
| 2/9/98 | -- | NOTICE to Prisoner of Filing of Case. (lw) |
| 2/17/98 | 3 | NOTICE of designation under Local Rule 3.05 - TRACK 1. (ctc) (ma) |
| 3/29/98 | 4 | ORDER that this case shall be transferred to the Southern District of Florida, West Palm Beach Division ( Signed by Judge Steven D. Merryday ) ctc (jlh) |
| 3/29/98 | -- | Interdistrict transfer to Southern District of Southern West Palm Beach Division (jlh) |

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

98 FEB 17 PM 1: 00

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

NORRIS BERNARD HAWKINS

**Case Number: 98-264-CIV-T-23C**

v.

# 98-8706

## CIV - HURLEY

HARRY K. SINGLETARY, Jr., et al.

_____/

### MAGISTRATE JUDGE SORRENTINO

### NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a Track _ONE_ Case. Plaintiff is responsible for serving a copy of this notice and any attachment to this notice upon all other parties. All parties must meet any requirements established in Local Rule 3.05 for cases designated on this track. With respect to Track Two and Track Three Cases, parties should utilize the attached Case Management Report form.

RICHARD D. SLETTEN, CLERK

Dated: February 13, 1998                    By: _____
                                                      Deputy Clerk

Distribution:
    -Original in Court file
    -Copies to plaintiff(s) (including habeas petitioner(s), bankruptcy appellant(s)
       and removing defendant(s))
    -Case Management Report form attached to notice designating
       Track Two or Three Case

CLERK S.D. OF FLA
98 OCT -5 PM 12: 42



AO 240 (Rev. 1/94)

# United States District Court 98 - 8706

_Southern_ _____ DISTRICT OF _Florida_

_Morris B. Hawkins_

**Plaintiff**

v.

_Harry K. Singletary_

**Defendant**

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

## CIV - HURLEY

CASE NUMBER: _98-264-CIV-T-23C_

## MAGISTRATE JUDGE
## SORRENTINO

I, _Morris B. Hawkins_ _____ declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant   ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 U.S.C. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:   ☑ Yes   ☐ No   (If "No" go to Part 2)

    If "Yes" state the place of your incarceration _____

    Are you employed at the institution? _N/o_   Do you receive any payment from the institution? _N/o_

    Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?   ☐ Yes   ☑ No

    a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

    _N/A_

3. In the past twelve months have you received any money from any of the following sources?

    a. Business, profession or other self-employment   Yes ☐   No ☑
    b. Rent payments, interest or dividends   Yes ☐   No ☑
    c. Pensions, annuities or life insurance payments   Yes ☐   No ☑
    d. Disability or workers compensation payments   Yes ☐   No ☑
    e. Gifts or inheritances   Yes ☐   No ☑
    f. Any other sources   Yes ☐   No ☑

    If the answer to any of the above is "yes" describe each source of money and state the amount received and what you expect you will continue to receive.

AO 240 (Rev. 1/94)

4. Do you have **any** cash or checking or savings accounts?   ☐ Yes   ☑ No

   If "yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?   ☐ Yes   ☑ No

   If "yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   N/A

I declare under penalty of perjury that the above information is true and correct.

2/28/1998
DATE

Morris D. Hawkins
SIGNATURE OF APPLICANT


## CERTIFICATE

**(Incarcerated applicants only)**
**(To be completed by the institution of incarceration)**

I certify that the applicant named herein has the sum of $ ‑0‑ on account to his/her credit at (name of institution) Dade Correctional Institution. I further certify that the applicant has the following securities to his/her credit: _____ _____. I further certify that during the past six months the applicant's average balance was $ Please see attached

1-22-98
DATE

Zaida Sardinas   Fiscal Asst II
SIGNATURE OF AUTHORIZED OFFICER

AO 240A  (1/94)

# United States District Court

_Southern_ _____ DISTRICT OF _Florida_ _____

_Norris B. Hawkins_
Plaintiff

**ORDER ON APPLICATION
TO PROCEED WITHOUT
PREPAYMENT OF FEES**

V.

_Harry K Singletary_
Defendant

CASE NUMBER:

Having considered the application to proceed without prepayment of fees under 28 U.S.C. §1915;

IT IS ORDERED that the application is:

☐ GRANTED.

    ☐ The clerk is directed to file the complaint.

    ☐ IT IS FURTHER ORDERED that the clerk issue summons and the United States marshal serve a copy of the complaint, summons and this order upon the defendant(s) as directed by the plaintiff. All costs of service shall be advanced by the United States.

☐ DENIED, for the following reasons:

_____

_____

ENTER this _____ day of _____ , 19 _____ .

_____
**Signature of Judicial Officer**

_____
**Name and Title of Judicial Officer**

```
/27/98                    Inmate Account Information              1:00 PM
.DE CORRECTIONAL INSTITUTION                                     Page   1
```

```
          Inmate No.: 066995          Status: A      Card No.:  1
          Last Name: HAWKINS                  Race: B
          First Name: NORRIS                  Sex: M
          Middle Name: B.                     SS#: 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
       Date of Birth: 04/04/56
                 AKA: HAWKINS, NORRIS B.
              Opened: 08/24/94          Facility Loc: 463
              Closed:                   Housing Loc: G3111U
                                        P.O.Box:
     Hold Amt    Hold Date Typ             Balance: 0.00
       0.00                       Non-Medical Hold: 0.00
       0.00                  Avail. Canteen Bal.: 0.00
       0.00                         Medical Hold: 0.00
```

|  | | Remitter/ | Batch/ | | | | |
|---|---|---|---|---|---|---|---|
| te | Description | Payee | Dep. No. | Ref. No. | Rec. No. | In/(Out) | Balance |
| /01/97 | Beg Bal | | | | | | 9.52 |
| /01/97 | Canteen | | | | 07/01/97 | -2.55 | 6.97 |
| /01/97 | Canteen | | | | 07/01/97 | -2.41 | 4.56 |
| /02/97 | Canteen | | | | 07/02/97 | -2.89 | 1.67 |
| /04/97 | Canteen | | | | 07/04/97 | -0.92 | .75 |
| /04/97 | Canteen | | | | 07/04/97 | -0.72 | .03 |
| /15/97 | Deposit | C HAYWARD | 5745 | TE054590 | 59815 | 10.00 | 10.03 |
| /16/97 | Canteen | | | | 07/16/97 | -6.66 | 3.37 |
| /17/97 | Canteen | | | | 07/17/97 | -0.38 | 2.99 |
| /19/97 | Canteen | | | | 07/19/97 | -0.53 | 2.46 |
| /19/97 | Canteen | | | | 07/19/97 | -0.88 | 1.58 |
| /19/97 | Canteen | | | | 07/19/97 | -0.78 | .80 |
| /19/97 | Canteen | | | | 07/19/97 | -0.65 | .15 |
| /26/97 | Canteen | | | | 07/26/97 | -0.13 | .02 |
| /04/97 | Deposit | M HAWKINS | 6034 | US054634 | 65973 | 25.00 | 25.02 |
| /06/97 | Withdrawal | DADE C I | | 30916 | 66034 | -4.50 | 20.52 |
| /06/97 | Canteen | | | | 11/06/97 | -0.26 | 20.26 |
| /07/97 | Canteen | | | | 11/07/97 | -0.99 | 19.27 |
| /08/97 | Canteen | | | | 11/08/97 | -0.26 | 19.01 |
| /09/97 | Canteen | | | | 11/09/97 | -1.02 | 17.99 |
| /09/97 | Canteen | | | | 11/09/97 | -4.64 | 13.35 |
| /09/97 | Canteen | | | | 11/09/97 | -4.70 | 8.65 |
| /10/97 | Canteen | | | | 11/10/97 | -2.01 | 6.64 |
| /11/97 | Canteen | | | | 11/11/97 | -3.87 | 2.77 |
| /11/97 | Canteen | | | | 11/11/97 | -1.45 | 1.32 |
| /12/97 | Canteen | | | | 11/12/97 | -0.52 | .80 |
| /14/97 | Canteen | | | | 11/14/97 | -0.70 | .10 |
| /06/97 | Canteen | | | | 12/06/97 | -0.10 | .00 |
| /24/97 | Deposit | C HAYWARD | 6148 | TE762547 | 68850 | 10.00 | 10.00 |
| /28/97 | Canteen | | | | 12/28/97 | -0.39 | 9.61 |
| /28/97 | Canteen | | | | 12/28/97 | -0.46 | 9.15 |
| /29/97 | Canteen | | | | 12/29/97 | -1.06 | 8.09 |
| /30/97 | Canteen | | | | 12/30/97 | -1.65 | 6.44 |
| /01/98 | Canteen | | | | 01/01/98 | -3.88 | 2.56 |
| /03/98 | Canteen | | | | 01/03/98 | -1.78 | .78 |
| /03/98 | Canteen | | | | 01/03/98 | -0.78 | .00 |

# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER U.S.C. §2254

**98-8706**

**CIV - HURLEY**

NAME: _Norris Bernard Hawkins_

PRISON NUMBER: _066995_

**MAGISTRATE JUDGE SORRENTINO**

NAME OF PLACE OF CONFINEMENT: _Dade Correction Institution_

ADDRESS OF PLACE OF CONFINEMENT: _North Dade Annex_

_P.O. Box 349350_

_Florida City, Fla 33034-C530_

UNITED STATES DISTRICT COURT - MIDDLE DISTRICT OF FLORIDA

CASE NO. _98-264-CIV-T-23C_

(TO BE SUPPLIED BY CLERK OF U.S. DISTRICT COURT)

_Norris Bernard Hawkins_ , PETITIONER

(FULL NAME)      (INCLUDE NAME UNDER WHICH YOU WERE CONVICTED)

VS.

_Harry K. Singletary Jr._ ,RESPONDENT

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER)

AND

THE ATTORNEY GENERAL OF THE STATE OF FLORIDA, _Robert Butterworth,_

_Clelynda Cleleal, assistant attorney_ , ADDITIONAL RESPONDENT.

(If petitioner is attacking a judgment which imposed a sentence to be served in the *future*, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the *future* under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

cat / div _B/WPB_
Case # _98-8706_
Judge _DTKH_  Mag _CHS_
Motn lfp _yes_  Fee pd $ _____
Receipt # _____

1

# PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS ---- READ CAREFULLY

(1)   This petition must be legibly handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury as being true and correct. Any false statement of a material fact may serve as the basis for prosecution and conviction of perjury. All questions must be answered concisely in the proper space on the form.   Where more room is needed to answer any questions, use reverse side of sheet.

(2)   Additional pages are not permitted, except that the *facts* (not case citations) which you rely upon to support your grounds for relief may be set forth on additional pages.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)   Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

(4)   If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor.  If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00 you must pay the filing fee as required by the rule of the district court.

(5)   Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6)   Your attention is directed to the fact that you must include all grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7)   When the petition is fully completed, *the original and two copies* must be mailed to the Clerk of the United States District Court whose address is:
United States Courthouse
611 North Florida Avenue
Tampa, Florida  33602

(8)   *Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.*

2

# PETITION

1. Name and location of court which entered the judgment of conviction under attack: _____

   _15TH Judicial Circuit Court, Palm Beach County_

2. Date of judgment of conviction: _December 4th, 1978_

3. Length of sentence: _LiFE_

4. Sentencing judge: _Judge Marvin Mounts Jr_

5. Nature of offense or offenses for which you were convicted:_____

   _Count One TresPass of an Occupied structure, Lesser included Offense_

   _Count Two, Second Degree murder, A lesser included Offense_

6. What was your plea? (Check one)

   (a) Not guilty        ( ✓ )
   (b) Guilty            (   )
   (c) Nolo contendere   (   )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

7. Kind of trial (Check one)

   (a) Jury  ( ✓ )              (b) Judge only   (   )

3

8.    Did you testify at the trial?   Yes (   )   No ( ✓ )

9.    Did you appeal from the judgment of the conviction?  Yes ( ✓ )   No (   )

10.   If you did appeal, answer the following:

(a) Name of Court ___FouRTH District CourT oF APPeal_____

(b) Result _____Denied_____

(c) Date of Result _____June 3, 1981_____
If you filed a second appeal or filed a petition for certiorari in the Florida Supreme Court or the
United States Supreme Court, give details:_____

_____

_____ENEFFEctiue Assistance oF aPPellaTe CounseL_____

_____

_____

_____

11.   State *concisely* every ground on which you claim you are being held unlawfully.  Summarize
      *briefly* the *facts* supporting each ground.

      CAUTION:    In order to proceed in the federal court, you must ordinarily first exhaust your
                  state court remedies as to each ground on which you request action by the
                  federal court.  As to all grounds on which you have previously exhausted state
                  court remedies, you should set them forth in this petition if you wish to seek
                  federal relief.  If you fail to set forth all such grounds in this petition, you may
                  be barred from presenting them at a later date.

      For your information, the following is a list of the most frequently raised grounds for relief in
      habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground
      for possible relief.  You may raise grounds which you may have other than those listed if you
      have exhausted all your state court remedies with respect to them.  However, *you should raise
      in this petition all available grounds* (relating to this conviction) on which you base your
      allegations that you are being held in custody unlawfully.

      If you select one or more of these grounds for relief, you must allege facts in support of the
      *ground or grounds which you choose.*  Do not check any of the grounds listed below.  The
      petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

      (a)    Conviction obtained by a plea of guilty which was unlawfully induced or not made
             voluntarily with understanding of the nature of the charge and the consequence of the
             plea.

      (b)    Conviction obtained by use of coerced confession.

4

(c)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e)   Conviction obtained by violation of the privilege against self-incrimination.

(f)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)   Conviction obtained by the violation of the protection against double jeopardy.

(h)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)   Denial of effective assistance of counsel.

(j)   Denial of right of appeal.

A.   Ground one: _____ SEE ATTACHMENT / INEFFECTIVE ISSUE ONE.

Supporting FACTS (tell your story *briefly* without citing cases or law):

IN THE PRESENT CASE THE DEFENSE COUNSEL Relied upon the defense of INSANITY. DEFENSE COUNSELS THEORY was that the DEFENDANT went to the victims Home For the Purpose of Employment. The victim Acting as the aggressor attacked THE defendant with a KNIFE Resulting in a struggle and in such "mutual Combat" the defendant slayed the victim while in a Psychotic state of mind. THEREFORE as based upon the DEFENSE COUNSELS THEORY THE Homicide was Committed in the Commission of a Misdemeanor Trespass (R. 1029 - R. 1030).

5

## GROUND ONE:

Whether appellate counsel was ineffective for failing to raise fundamental reversible error. Where the trial court refuse to give defendant requested jury instructions, on misdemeanor homicide which was applicable to theory of defense and to instruct jury that a homicide committed in the commission of trespass would be considered either third degree or manslaughter. Thereby depriving the petitioner of his right to "meaningful" appellate review and a "fair" and "impartial" trial as guaranteed by the U.S. 5th, 6th and 14th Amendments as well as the Florida State Constitution Article I, 9, 16-21.

## SUPPORTING FACTS:

In the present case, the defense counsel relied upon the defense of insanity. Defense counsel's theory was that the defendant went to the victim's house for the purpose of seeking employment. The victim acting as the aggressor attacked the defendant with a knife resulting in a struggle and in such "mutual combat" the defendant slayed the victim while in a psychotic state of mind. Therefore as based upon the defense counsel's theory, the homicide was committed in the commission of a misdemeanor trespass. (R. 1029-R. 1030)

- 5 B -

Exhaustion of ground one in the state courts:

(1)   Did you raise ground one in the appropriate Florida District Court of Appeals on a direct appeal of your conviction? Yes ( ) No (✓)

(2)   After your conviction did you raise ground one in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( ) No (✓)

    (a)   If your answer is "yes", then state:

        i.   Whether you received an evidentiary hearing _____

        ii.  The result_____

        iii. The date of the result_____

    (b)   If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( ) No ( ✓ )

        i.  If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not _____

        _____

        _____

(3)   Have you raised ground one in any other petition, application, or motion filed in the state courts of Florida? Yes ( ) No ( ✓ )
If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____

_____

_____

_____

_____

_____

B.   Ground two: _Whether Appellate Counsel was ineffective For Failing to Raise Reversible Error, where the Trial court erred by denying the Petitioners motion For Reduction For Judgement, where Petitioner was Convicted of second degree murder, But THE Evidence showed only Third degree or Manslaughter._

( See Attachment 6 / Issue Two )

## GROUND TWO:

Whether appellate counsel was ineffective for failing to raise reversible error, where the trial court erred by denying the petitioner's motion for reduction of judgment , where petitioner was convicted of second degree murder, but the evidence showed only third degree or manslaughter. Thereby depriving the petitioner of a "meaningful" appellate review and a "fair" and "impartial" trial as guaranteed by the U.S. 5th, 6th, and 14th Amendments as well as the State Constitution Article I, 9, 16.

## SUPPORTING FACTS:

In appellate's case, it was in fact the alleged burglary charge which supplanted the premeditation or malice, a forethought classically required in first or second degree murder prosecution. Once the jury rejected the prosecution theory that the homicide was committed in the perpetration of burglary, finding the appellate guilty of trespass of an occupied structure. There is no view from the facts or evidence herein from which the jury could properly conclude the instant homicide constituted second degree murder. The trial judge erred by denying the appellant's motion for reduction of judgment, based on the following reasons:

(1). Appellant was found guilty of trespass of an occupied structure, a lesser included offense of Count I of the indictment.

(2). Consistent with the evidence and with the verdict on Count I of the indictment.

(3). Homicide committed in the perpetration of trespass should logically be constructed as either third degree or manslaughter.

Supporting FACTS (tell your story *briefly* without citing cases or law):

_IN THE Appellants Case it was in Fact the alleged_

Exhaustion of ground two in the state courts:

(1)     Did you raise ground two in the appropriate Florida District Court of Appeals on a direct appeal of your conviction? Yes ( )   No (✓)

(2)     After your conviction did you raise ground two in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No (✓)

    (a)     If your answer is "yes", then state:

        i.   Whether you received an evidentiary hearing _____

        ii.  The result _____

        iii. The date of the result_____

    (b)     If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No (✓)

        i.  If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not_____

(3)     Have you raised ground two in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No (✓)
If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

C.    Ground three: _(SEE attachment / Issue THree)_
_____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____
_____
_____
_____
        _Attachment_
_____
_____
_____
_____

Exhaustion of ground three in the state courts:

(1)    Did you raise ground three in the appropriate Florida District Court of Appeals on a
       direct appeal of your conviction?  Yes ( )   No (✓)

8

**GROUND THREE:**

Whether appellate counsel was ineffective for failing to raise reversible error, where over defense counsel's objection the trial court read to the jury a modified instruction on self-defense in one's own home, which was not an issue in this case, and where a possibility that this erroneous self-defense instruction affected the jury's verdict when the jury specifically requested a read-back in the instruction. Thereby depriving the petitioner of his right to "meaningful" appellate review and a "fair" and "impartial" trial as guaranteed by the U.S. Constitution 5th, 6th, and 14th Amendments as well as Florida State Constitution Article I, 9, 16, 21 Amendments.

**SUPPORTING FACTS:**

In the present case, the victim was not charged with any offense, and whether of not the victim acted in self-defense was not an issue. Therefore the modified instructions to indicate that anyone, not just like the defendant has a right to use force to defend home was misleading and contradictory to confuse and should not have been given, the instruction improperly shifted focus from the defendant emphasizing the victim's right to use self-defense to fight with force against force. (R. 1259).

8-B

(2)   After your conviction did you raise ground three in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No ( ✓ )

    (a)   If your answer is "yes", then state:

        i.   Whether you received an evidentiary hearing _____

        ii.  The result_____

        iii. The date of the result_____

    (b)   If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No ( ✓ )

        i.  If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not_____

        _____

        _____

(3)   Have you raised ground three in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( ✓ )
If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

D.   Ground four:___( SEE ATTACHMENT / ISSUE FOUR )_____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____

9

## GROUND FOUR:

Whether appellate counsel was ineffective for failing to raise per se reversible error, where the trial court failed to give a complete jury instruction on manslaughter by omitting the definition (defense) of justifiable and excusable homicide and did not clarify to the jury that the petitioner could not be guilty of manslaughter if killing was either justifiable or excusable. Where petitioner was convicted of second degree murder not more than one step removed. Thereby depriving the petitioner of his right to "meaningful" appellate review and a "fair" and "impartial" trial as guaranteed by the U.S. Constitution 5th, 6th and 14th Amendments as well as Florida State Constitution Article I, 9, 16, 21 Amendments.

## SUPPORTING FACTS:

In the instant case, the trial judge failed to explain justifiable homicide and explain to the jury during original charge that the defendant cannot be guilty of manslaughter if the killing is either justifiable or excusable homicide, neither did the court refer back to manslaughter and thereby failing to give a complete instruction, substituting justifiable homicide with justifiable use of force in one's home, also on read-back of manslaughter. (R. 1189- R1255).

9-B

_____

_____

_____

_____

( Attachment )

_____

_____

_____

Exhaustion of ground four in the state courts:

(1)    Did you raise ground four in the appropriate Florida District Court of Appeals on a direct appeal of your conviction?  Yes ( )   No ( Y )

(2)    After your conviction did you raise ground four in the state circuit court that sentenced you by filing a Florida Rule 3.850 Motion to Vacate, Set Aside, or Correct Sentence? Yes ( )   No ( Y )

    (a)    If your answer is "yes", then state:

        i.   Whether you received an evidentiary hearing _____

        ii.  The result_____

        iii. The date of the result_____

    (b)    If your Rule 3.850 Motion was denied, then did you file an appeal of that denial with the appropriate Florida District Court of Appeals? Yes ( )   No ( Y )

        i.   If you failed to appeal the denial of your Rule 3.850 motion, then explain briefly why you did not_____

        _____

        _____

(3)    Have you raised ground four in any other petition, application, or motion filed in the state courts of Florida? Yes ( )   No ( Y )

    If your answer is yes, then give the details, including the grounds raised, the court's decision, and the date of said decision for each such petition, application, or motion.

    _____

    _____

_____
_____
_____
_____
_____
_____
_____

12.   Other than a direct appeal and other than the post conviction motions disclosed in your answer to question 11 above regarding exhaustion of state remedies, have you previously filed any petitions, applications, or motions with respect to this judgment and conviction in any court, state or federal? Yes (✓) No ( )   .

13.   If your answer to 12 was "yes", give the following information:

(a)   (1)   Name of court _Second Judicial Circuit Court Leon County_

      (2)   Nature of proceeding _Hand Darius / Civil_

      (3)   Grounds raised _WHETHER 947.001 Florida Statues, Administrat ive Code, cHAPTER 23-14.001(5) OBJective Parole Guideline of 1778 Can Be Retrospectively Applied To THe Petitioner that Committed his Offenses Prior to the Effective date of the 1978 Parole Act._

      _____
      _____
      _____

      (4)   Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✓)

      (5)   Result _Denied_

      (6)   Date of result _August 15TH 1994_

(b)   As to any second petition, application or motion give the same information:

11

(1)   Name of court _Second Judicial Circuit Court, Leon County_

(2)   Nature of proceeding _Mandamus / Civil_

(3)   Grounds raised _(See Attachment / Issue I, II, III_

(4)   Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( ✓ )

(5)   Result _Denied, Dismissing The Petition on the Doctrine of Res Judicata._

(6)   Date of result _May 30th 1997_

(c)   Did you appeal to the highest court having jurisdiction the result of any action taken on any petition, application or motion:

(1)   First petition, etc.   Yes ( ✓ )   No ( )
(2)   Second petition, etc.   Yes ( ✓ )   No ( )

(d)   If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( )   No ( ✓ )

12

**ISSUE ONE:**

1. Whether the Florida Parole Commission abused it's discretion in implementing a Florida Administrative Code Rule 23-21.0155(3) which overrides the Florida Mandate Statutes 947.002(1). Thereby denying the petitioner a Presumptive Parole Release Date, pursuant to Florida Statute 947.16 and Florida Statute 947.18, depriving the petitioner of a guaranteed U.S.C.A. 5th, 6th, 14th Amendment as well as Florida State Constitution Article I, Section 2, 9, 17, 18 Amendments.

**ISSUE TWO:**

Whether the Florida Parole Commission abused it's discretion in denying the petitioner an effective Parole Release Date pursuant to Florida Statute 947.18 and Florida Statute 947.1745. Thereby depriving the petitioner of a guaranteed U.S.C.A. 5th, 6th and 14th Amendments as well as Florida Constitution Article I, Section 2, 9, 17 Amendments.

**ISSUE THREE:**

Whether the Florida Parole Commission abused it's discretion in refusing to comply to the Florida Mandated Statute 947.1745, establishment of the Effective Parole Date based on improper considerations. Depriving the petitioner of guaranteed U.S.C.A. 5th, 6th, 14th Amendment as well as Florida State Constitution Article I, Section 2, 9, 17, 18 Amendments.

12-B

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At the preliminary hearing _____ N/A _____

(b) At arraignment and plea _____ N/A _____

(c) At trial _____ r/s. Lois Frankel _____
_____ r/c. James Eisenburg _____

(d) At sentencing _____ r/s Lois Frankel _____

(e) On appeal _____ r/s Tatjana Ostapoff _____

(f) In any post-conviction proceeding _____ N/A _____

(g) On appeal from any adverse ruling in post-conviction proceeding _____
_____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( ✓ )    No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( )    No ( ✓ )

(a)    If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b)    And give date and length of sentence to be served in the future:_____

_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  Yes (   )   No (   )


Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.


**I UNDERSTAND THAT ANY FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS APPLICATION WILL SUBJECT ME TO THE PENALTIES OF PERJURY (A FINE OF $10,000 OR IMPRISONMENT FOR FIVE (5) YEARS, OR BOTH).**


I declare that under penalty of perjury that the foregoing is true and correct.


Executed on_____ _JANUARY 28ᵀᴴ 1998_____
                              Date

_____ _Merris L. Hawkins_____
                              Signature


_____
Signature of Attorney (If Any)


14